HEARD NOVEMBER TERM, 1875.

### HUTTON *vs.* EDGERTON & RICHARDS.

Ignorance of a party's legal right at the time he makes a contract is no ground for avoiding it.

Time given is a sufficient consideration for a promise in writing to pay back interest on a non-bearing interest debt.

BEFORE REED, J., AT CHARLESTON, MARCH TERM, 1875.

Action by B. H. Hutton, surviving partner of the late firm of Benkard & Hutton, of the city of New York, against Edgerton &

Richards, of Charleston, on a promissory note for $527.48, dated 1st January, 1868, and payable, with interest, at six months.

Defense that the note was without consideration except as to $171 admitted to be due with interest.

The defendants gave evidence tending to show that on the 25th February, 1861, they became indebted to Benkard & Hutton in the sum of $824.24 for merchandise; that in September, 1866, they gave their note for the debt, payable September 24, 1867, and included therein the interest which had accrued during the war; that at that time the defendants did not know that they were not liable for interest during the war; that payments were made which reduced the amount due according to the face of the note on the 1st January, 1868, to $527.48, at which time the note sued on was given for that balance; and that, deducting the interest which had accrued during the war, the balance due at that date would have been $171.

His Honor instructed the jury as follows:

I charge you to ascertain the amount due after giving credit for the interest from February 25th, 1861, to December 24th, 1866. If the promises of defendants to pay were made under a misapprehension of their right, and, thus misapprehending, they gave their note, it is a mistake that should be corrected. Suppose the note had been given for a horse which turned out worthless, or for a piece of land to which the seller had no title, or that it was for any other reason without consideration, would it not be void in law, notwithstanding the promise to pay? If the defendants made promises, it was to pay what was legally due, and no more. It is for you to ascertain what is due, and I charge you, as matter of law, that interest did not run between the belligerents during the war; and if it was computed and included in the note between the 25th February, 1861, and the 24th December, 1866, it was an error that your verdict should correct.

The attorney for plaintiff excepted to the charge, and asked for the following instructions:

That time was a good consideration; that it was a new contract founded on a good consideration. If a new contract was executed under ignorance of the law, that the maxim *ignorantia juris non excusat* would apply; but if it was executed under a mistake of the

law, that the other fact that a mistake of the law was made shows that they did have an idea that they were not bound; and, with that idea in their heads, the fact that the note was executed showed that the note was a compromise of a doubtful right.

By the Court : I submit that proposition to you, and say that if the defendants at the time they gave this note, and at the time they made the subsequent promises relied on, knew that they were not liable for interest during the war, and yet gave the note and made the promise to procure indulgence of what was actually due, then they are liable. But if the promises were made and the note given in ignorance of their rights as established by law, then they are not liable for the interest which accrued during the war; and, deducting that sum, you will find your verdict for plaintiffs for the amount actually due. This I conceive to be the law; but if not the law, it is unquestionably the justice of the case.

The jury returned a verdict in conformity with the instructions, and judgment was entered for plaintiffs for $382.

The plaintiff appealed on the following grounds :

1. Because the verdict of the jury was contrary to the evidence.

2. Because His Honor erred in instructing the jury that they must deduct the interest which had accrued between the 25th February, 1861, and the 24th December, 1866.

3. Because His Honor ought to have instructed the jury, when asked, that time given and suit forborne was good consideration for a new contract.

4. Because His Honor erred in instructing the jury that if they found that Edgerton & Richards were ignorant of their rights when they executed the note, that they would not be bound by their contract.

5. Because His Honor ought to have instructed the jury, when asked, that if the note was executed under a mistake of law, the fact that a mistake had been committed showed that the defendants had some knowledge of their rights, and the note was the result of a compromise, which compromise could not be relieved against.

6. Because His Honor ought to have instructed the jury, when asked, that if they found that time had been given at the request of the defendants, and that the note had been executed in consideration of such time, that they must find for the plaintiff.

7. Because His Honor ought to have instructed the jury, when asked, that the interest which had accrued between the 27th April, 1861, and the 2d April, 1866, was a good moral consideration to support a new promise.

*McCrady*, for appellant, submitted the following points :

1. Forbearance to sue and time given is a good consideration to support a new promise.

2. That if respondents acted on their own knowledge alone in executing the note, it was not a mistake of law but ignorance. The fact of making a mistake implying an act of judgment, ignorance implying the absence of the elements necessary to an act of judgment, and *ignorantia juris neminem excusat.*

3. That, at most, the giving the note was but a compromise of a doubtful right, it being alleged that the note was executed under a mistake of law, and a mistake as above implying an act of judgment, and showing that the defendants had some knowledge of their rights, and that such a compromise cannot be relieved against.

He cited and commented on the following authorities: *Miles* vs. *McClellan*, 1 N. & McC., 133 ; *Barnsture* vs. *Eggart*, 3 McC., 162 ; *Mapes* vs. *Sedney*, Cro. Jac., 683 ; *Bainbridge* vs. *Moss*, 31 Eng. L. & Eq., 565 ; *Lawrence* vs. *Beaubien*, 2 Bail., 649 ; 1 Story Eq., 125 ; *Shotwell* vs. *Murray*, 1 Jones Ch., 512 ; *Hunt* vs. *Roumanier*, 8 Wheat., 174 ; *Mayer* vs. *Reed*, 37 Ga., 482 ; *Griffith* vs. *Lewell*, 26 Iowa, 226 ; 4 Amer. L. R., 743 ; Broom Leg. Max., 154 ; *Brown* vs. *Hiatt*, 15 Wall., 177 ; *Earle* vs. *Oliver*, 2 Exch., 71.

*Campbells & Whaley*, contra.

February 15, 1876.   The opinion of the Court was delivered by

MOSES, C. J.   It would be difficult to take any view of the case, which, testing the verdict by the principles of law applicable to the facts proved, could allow it to stand.

The charge of the presiding Judge that "if the promises were made and the note given by the defendants in ignorance of their rights as established by law, then they are not liable for the interest which accrued during the war, and, deducting that sum, the jury will find for the plaintiffs the amount actually due," was error, nor was its force abated or qualified by his additional remark in the follow-

ing language: "This I conceive to be the law: but if not the law, it is certainly the justice of the case." While, under the issues presented, the jury were to find the facts, it was the duty of the Court to instruct them as to the law by which their effect was to be determined. They were not at liberty to substitute their sense of the abstract justice which should regulate the verdict in the place of their obligation to consider and pass upon the relative rights of the parties by the standard supplied by the law. It is not necessary to dwell upon the results which would ensue if such a license were allowed to juries, who are bound to decide by the law laid down by the bench, and not by conclusions drawn from their own ideas of naked justice. The appellants could not exonerate themselves from the payment of the note by ignorance of their legal rights when they executed it. Such a plea cannot be interposed to defeat the full effect of the instrument. It was enough on this part of the case to refer to the well-considered decision in *Lawrence* vs. *Beaubien*, 2 Bail., 624. There, in an elaborate opinion, the proper distinction between *ignorance* and *mistake* is fully considered and discussed. The terms, in legal contemplation, do not import the same significance and should not be confounded. Ignorance implies a total want of knowledge in reference to the subject matter. Mistake admits a knowledge, but implies a wrong conclusion. Where one is misled by the advice of another, he may refer his mistake to the suggestions which prompted his action, as is said in the case referred to: "it is capable of proof," but ignorance concedes the want of all knowledge, and action under it proceeds from one's own will not influenced by the counsel of another. Richards here, so far as is developed by the testimony, when he gave the note, does not seem to have considered whether the plaintiff was legally entitled to interest on the debt for which it was given. But even where one can claim relief from a contract on the ground of mistake of law, it is held in *Lawrence* vs. *Beaubien*, that the rule can only apply to contracts "where one party acquired nothing, and the other neither parted with any right nor suffered any loss, which, *ex æquo et bono*, ought not to be binding." If Richards had not given a note, the appellants at least as early as 1866 could have sued and obtained judgment on the open account, and thus converted it into an interest-bearing demand. He cannot consistently ask to be relieved from the effect of his own mistake without first repairing the loss which it has caused to the other.

The language of Ch. Kent, in *Lyon* vs. *Richmond*, (2 John. Ch.,) may be well adopted in this case. At page 59 he says: "The Courts do not undertake to relieve parties from their acts and deeds fairly done on a full knowledge of facts, though under a mistake of the law. There is no other principle which is safe and practicable in the common intercourse of mankind. And to permit a subsequent judicial decision in any one given case, on a point of law, to open or annul everything that has been done in other cases of the like kind for years before, under a different understanding of the law, would lead to the most mischievous consequences. Fortunately for the peace and happiness of society, there is no such pernicious precedent to be found."

There was error, too, in the omission on the part of the Court to charge as requested—that, if the jury concluded from the facts in evidence that the note in suit was given in consideration of further time extended on the debt, originally contracted in 1861, it must be sustained as a binding agreement on both the parties, subject to all the legal consequences it involved. The extension in itself was a benefit to the one party and the interest promised of profit to the other. There was mutuality in the consideration which led to the execution of the note, and the defendants, after availing themselves of the advantage which it conferred upon them, cannot be allowed to convert it to the prejudice of the plaintiff.

The motion for a new trial is granted, and the case remitted to the Circuit Court.

*Wright,* A. J., and *Willard,* A. J., concurred.